UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREGORY L. BROWN,

Plaintiff,

v.

TRENT ALLEN, et al.,

Defendants.

Case No. 23-cv-00593-WHO (PR)

**ORDER OF SERVICE;**

**ORDER DIRECTING DEFENDANT TO FILE A DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION;**

**INSTRUCTIONS TO CLERK**

Dkt. No. 6

## INTRODUCTION

Plaintiff Gregory L. Brown alleges that Dr. Nguyen at Salinas Valley State Prison was deliberately indifferent to his serious medical needs. His complaint containing these allegations is now before me for review pursuant to 28 U.S.C. § 1915A(a).

Brown has stated a cognizable Eighth Amendment deliberate indifference claim against Dr. Nguyen. All other claims and defendants are DISMISSED. The Court directs defendant Nguyen to file in response to the complaint a dispositive motion, or a notice regarding such motion, on or before **September 11, 2023**.

The Clerk shall TERMINATE all defendants with the exception of Dr. Nguyen.

Brown's motion for a protective order is DENIED. (Dkt. No. 6.) The Clerk shall terminate Dkt. No. 6.

## DISCUSSION

A.      **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

United States District Court
Northern District of California

United States District Court
Northern District of California

governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Brown alleges that from December 2021 Dr. Nguyen, a physician at Salinas Valley State Prison, was deliberately indifferent to his serious back problems. (Compl., Dkt. No. 1 at 4-5.) When liberally construed, Brown has stated an Eighth Amendment deliberate indifference claim against Nguyen.

Brown's claims against the persons who reviewed his grievances about Nguyen (Sawyer, Gates, Atchley, Eldridge, and Allen) are DISMISSED. Grievance reviewers are not responsible for the underlying constitutional violation. Mere involvement in reviewing an inmate's administrative grievance does not necessarily demonstrate awareness of an alleged violation or contribute to the underlying violation. *George v. Smith*, 507 F.3d 605,

1    609 (7th Cir. 2007).  "Only persons who cause or participate in the violations are

2    responsible."  *Id.*  "Ruling against a prisoner on an administrative complaint does not cause

3    or contribute to the violation."  *Id.*

4        Brown also alleges these persons are liable because they are responsible for the

5    "overall medical care of all prisoners at SVSP."  (Compl., Dkt. No. 1 at 5.)  Merely being a

6    supervisor is not sufficient to confer liability.  *Keates v. Koile*, 883 F.3d 1228, 1241 (9th

7    Cir. 2018) (defendants cannot be held liable for a constitutional violation under 42 U.S.C.

8    § 1983 unless they were integral participants in the unlawful conduct); *Taylor v. List*, 880

9    F.2d 1040, 1045 (9th Cir. 1989) (it is not enough that the supervisor merely has a

10   supervisory relationship over the defendants; the plaintiff must show that the supervisor

11   "participated in or directed the violations, or knew of the violations and failed to act to

12   prevent them.").

13       All other claims and defendants are DISMISSED.  The allegations regarding an

14   excessive force incident in April 2020 are based on events that occurred at the California

15   Health Care Facility in Stockton, which lies in the Eastern District.  (Compl., Dkt. No. 1 at

16   2-3.)  The claims against these defendants (Vang, Michels, Williams, and Navarro) are

17   DISMISSED without prejudice to Brown filing a civil rights action in the Eastern District.

18       Brown's allegations that on July 18, 2021, Salinas Valley correctional officer Schlig

19   forced Brown to accept a dangerous person as an inmate, fail to state a claim for relief.

20   (*Id.* at 3-4.)  Though his cellmate is an alleged gang member and a "possible COVID-19

21   carrier," Brown has not alleged that this inmate has done any harm to him in the nearly two

22   years since he was celled with him.  Accordingly, the claims against Schlig are

23   DISMISSED.  Brown's allegations against the persons who reviewed his grievances

24   against Schlig (Lomeli, Ruiz, Howard, Atchley, and Allen) are also DISMISSED.

25                           **MOTION FOR A PROTECTIVE ORDER**

26       Brown's motion for an order protecting evidence related to the incident at the

27   California Health Care Facility is DENIED because the claims related to that incident have

28   been dismissed.  (Dkt. No. 6.)

United States District Court
Northern District of California

United States District Court
Northern District of California

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1.      The Court orders service of the complaint (Dkt. No. 1), and all attachments thereto, on defendant Dr. Nguyen, a physician at Salinas Valley State Prison, and orders this defendant to respond to the cognizable claims raised in the complaint.

2.      Service on this defendant shall proceed under the California Department of Corrections and Rehabilitation's e-service program for civil rights cases from prisoners in CDCR custody.  In accordance with the program, the Clerk is directed to serve on CDCR via email the following documents:  the complaint (Docket No. 1) and its attachments; this Order; a CDCR Report of E-Service Waiver form; and a summons.  The Clerk also shall serve a copy of this Order on the plaintiff.

3.      No later than 40 days after service of this order via email on CDCR, CDCR shall provide the Court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this Order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached.  CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

4.      Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form.  The Clerk shall provide to the USMS the completed USM-205 forms and copies of this Order, the summons and the operative complaint for service upon each defendant who has not waived service.

5.      On or before **September 11, 2023**, defendant shall file a motion for summary judgment or other dispositive motion with respect to the claim(s) in the complaint found to be cognizable above.

4

1

2              a.      If defendant elects to file a motion to dismiss on the grounds plaintiff

3    failed to exhaust his available administrative remedies as required by 42 U.S.C.

4    § 1997e(a), defendant shall do so in a motion for summary judgment, as required by

5    *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).

6              b.      Any motion for summary judgment shall be supported by adequate

7    factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of

8    Civil Procedure.  Defendant is advised that summary judgment cannot be granted, nor

9    qualified immunity found, if material facts are in dispute.  If any defendant is of the

10   opinion that this case cannot be resolved by summary judgment, he shall so inform the

11   Court prior to the date the summary judgment motion is due.

12        6.      Plaintiff's opposition to the dispositive motion shall be filed with the Court

13   and served on defendant no later than forty-five (45) days from the date defendant's

14   motion is filed.

15        7.      Defendant shall file a reply brief no later than fifteen (15) days after

16   plaintiff's opposition is filed.

17        8.      The motion shall be deemed submitted as of the date the reply brief is due.

18   No hearing will be held on the motion unless the Court so orders at a later date.

19        9.      All communications by the plaintiff with the Court must be served on

20   defendant, or on defendant's counsel once counsel has been designated, by mailing a true

21   copy of the document to defendant or defendant's counsel.

22        10.     Discovery may be taken in accordance with the Federal Rules of Civil

23   Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local

24   Rule 16-1 is required before the parties may conduct discovery.

25        Plaintiff is reminded that state prisoners may review all non-confidential material in

26   their medical and central files, pursuant to *In re Olson*, 37 Cal. App. 3d 783 (Cal. Ct. App.

27   1974); 15 California Code of Regulations § 3370; and the CDCR's Department Operations

28   Manual §§ 13030.4, 13030.16, 13030.16.1-13030.16.3, 13030.21, and 71010.11.1.

United States District Court
Northern District of California

Requests to review these files or for copies of materials in them must be made directly to prison officials, not to the Court.

Plaintiff may also use any applicable jail procedures to request copies of (or the opportunity to review) any reports, medical records, or other records maintained by jail officials that are relevant to the claims found cognizable in this Order.  Such requests must be made directly to jail officials, not to the Court.

11.     It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

12.     Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

13.     A decision from the Ninth Circuit requires that pro se prisoner-plaintiffs be given "notice of what is required of them in order to oppose" summary judgment motions at the time of filing of the motions, rather than when the court orders service of process or otherwise before the motions are filed.  *Woods v. Carey*, 684 F.3d 934, 939-41 (9th Cir. 2012).  Defendant shall provide the following notice to plaintiff when he files and serves any motion for summary judgment:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact — that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that

contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-963 (9th Cir. 1998).

14.     The Clerk shall TERMINATE all defendants with the exception of Nguyen. The claims against the terminated defendants (with the exception of those against Schlig, Lomeli, Ruiz, Howard, Atchley, and Allen) are DISMISSED without prejudice to Brown raising them in a separate civil rights action in the Eastern District.  The claims against Schlig, Lomeli, Ruiz, Howard, Atchley, and Allen are DISMISSED.

15.     Brown's motion for a protective order is DENIED.  (Dkt. No. 6.)

16.     The Clerk shall terminate Dkt. No. 6.

**IT IS SO ORDERED.**

**Dated:**  June 7, 2023



WILLIAM H. ORRICK
United States District Judge